## Robinson *v.* Gilman.

The circumstance that a witness has forgotten the facts to which he had formerly testified in the cause, does not render evidence of his former testimony competent.

Where one testified that he was a witness on a former trial of the same question, between the same parties, before a commissioner; that the facts to which he then testified were fresh in his recollection, and that the account he then gave of the transaction was true, but that he did not now recollect certain matters to which he then testified:—

*Held,* that notes of his former evidence, taken by the commissioner, verified by the oath of the latter that they contained the evidence of the witness with substantial accuracy, when offered to prove such matters, were properly rejected.

Assumpsit to recover the amount of two promissory notes made by the defendant's intestate. As to these notes no controversy was made.

A set-off was filed, in which the defendant claimed that one John Rollins was indebted to said N. Gilman, in two promissory notes, one dated January 1, 1846, for $127, payable in six months from date, and the other dated April 30, 1847, for $126.40, on demand, with interest, and that said J. L. Robinson, on the first day of July, 1854, promised and agreed to and with said N. Gilman, then the holder and owner of these notes, that in case said Gilman would not bring a suit on said notes, and summon him, said Robinson, as a trustee of said Rollins, he would pay said notes to said N. Gilman, and also that in consideration aforesaid, he, the said Robinson, would pay to said N. Gilman, a sum equal to the amount

of said notes and interest, and in consideration aforesaid, that he would procure said notes to be settled and paid to said Gilman; and said Gilman did not bring such suit, nor summon said Robinson as trustee, whereby said Robinson became liable to perform his promises aforesaid, &c.

To prove the agreement of Robinson, alleged in the set-off, the defendants introduced the promissory notes therein described, the execution of which was admitted.

A. Wood, Esq., testified that J. Rollins was in business and failed in the summer of 1854; that said Rollins claimed that a large sum was due him from said Robinson, which was contested and denied by said Robinson; but three suits were brought by creditors of said Rollins against him for large sums, in which said Robinson was summoned as his trustee; that said N. Gilman called upon said Wood to commence a suit against said Rollins, and Robinson, as his trustee, upon the notes of Rollins aforesaid, and that he wrote a letter to Robinson upon the subject; that Robinson called upon him, and they had a conversation upon the subject, and Robinson did not desire to have a suit commenced; he said he would see Gilman about it, but he can not say what he said he would do if no suit was commenced. No suit was commenced, he has no doubt, by Gilman's direction.

Mr. Wood testified that he was a witness before Judge Sullivan, who was the commissioner to allow the claims of the creditors against the estate of said Robinson, which was administered as an insolvent estate, in support of the same claim of Gilman against Robinson's estate, which is here in controversy, which was then presented to said commissioner. The hearing before the commissioner was in the last of the winter or, in the spring of 1855. And the witness stated that the facts to which he then testified were fresh in his recollection, and the account he then gave was a true account of the transaction.

Certain notes of the evidence given by Mr. Wood on that occasion, taken by Mr. Sullivan, were then produced, and it was admitted that Mr. Sullivan would testify that these notes contain the evidence then given by Mr. Wood, with substantial accuracy.

Mr. Wood stated that he had seen these notes; that he has now no recollection that Robinson said he would pay; he said he would see Gilman about it; he has no recollection that Robinson said he would pay, or settle Gilman's claim in any event. He stated that he could not say that Mr. Sullivan's notes are correct minutes. Some portions of it are correct, but the examination was longer than the minutes. So far as his recollection went, he believed the minutes to be substantially correct.

Mr. Sullivan's notes were then offered, in connection with the testimony of Mr. Wood and Mr. Sullivan, and admitted, subject to the plaintiff's exception. They were, in effect, that Mr. Wood said the notes were left with him to commence a trustee action upon, against Robinson; that he notified Robinson, who said he would see Capt. Gilman, and that it should be fixed up if he would not commence an action.

The jury having found a verdict for the plaintiff, allowing the defendants' set-off, the plaintiff moved that the same might be set aside, and a new trial granted by reason of said exception.

*Stickney*, for the plaintiff.

*Bell*, for the defendants.

BARTLETT, J.   As Mr. Wood was competent to testify, evidence of his statements was inadmissible.    *Tenney* v. *Evans*, 14 N. H. 347.   The circumstance that he had forgotten the facts to which he formerly testified does not render his former testimony competent. *Drayton* v. *Wells*, 1 N. & McC. 409, cited in 1 Gr. Ev., sec. 163, n, and 1 C. & H's Notes to Phill. Ev. 329.   The failure of the recollection of a witness may sometimes work a hardship to a party, but it is not one peculiar to a case like the present.   We do not think the exception to the general rule has been extended in this State so far as to permit the reception of such evidence.   We see no stronger reason for admitting the former testimony of Mr. Wood than existed in *Haywood* v. *Barron*, 38 N. H. 371, for receiving a deposition given in the cause by a witness, who, on being called to the stand, refused to testify, upon the ground that her answers would tend to criminate herself.

The defendant claims that Mr. Sullivan's notes were admissible in connection with Mr. Wood's testimony, upon the principle of *Haven* v. *Wendell*, 11 N. H. 112.   In this view the fact that the statements thus written down were made under oath is quite immaterial.   The contemporaneous memorandum is received upon the witness' present testimony as to his former knowledge of its accuracy.   The present case stands no better than if the witness had formerly, when the facts were fresh in his recollection, made a verbal statement to Mr. Sullivan, which the latter had then reduced to writing.   We think such a writing could not be received to establish the facts stated in it, upon the testimony of the writer that he drew up the statement as made, and of the narrator that what he then stated was true, though he now had no recollection of the facts as they existed or were stated.    *Clute* v. *Small*, 17 Wend. 238.   Mr. Sullivan's notes were not made under the direction of the witness or with his concurrence ; he had no power to control or examine them ; he did not examine them at the time or take any part in making them ; they were not the witness' or Mr. Sullivan's memorandum of the transaction which they were offered to prove ; and therefore we need not inquire if they were made sufficiently near the time of that transaction.    2 C. & H's Notes to Phill. Ev., 733, 457 ; 1 Gr. Ev., secs. 436, 437 ; *Bradley* v. *Davis*, 26 Me. 54. These notes were merely Mr. Sullivan's memorandum of the witness' former testimony, and as such inadmissible.

Mr. Wood's testimony that his former evidence was correct adds nothing to the ordinary case, for evidence is usually given under oath as correct, and the witness merely testifies here that he gave his former evidence as he was then sworn to do.   What Mr. Wood

might have previously testified or said as to the matters in controversy in the present case was entirely immaterial. *Seavey* v. *Dearborn,* 19 N. H. 355.

The verdict must, therefore, be set aside, and a new trial granted.